FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 AUG 16 AM 11: 16
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER LEE, *et al.*,

    Plaintiffs,

v.       Civil Action No. RDB-17-2765

JLN CONSTRUCTION SERVICES, LLC,
*et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Christopher Lee ("Lee") and Ladrian Taylor ("Taylor") (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, brought this three-count Complaint against their former employer, JLN Construction Services, LLC ("JLN") and Nnamdi C. Iwuoha ("Iwuoha") (collectively, "Defendants"). (Compl., ECF No. 1.) Plaintiffs allege failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., §§ 3-501, *et seq.* ("MWPCL"). (*Id.*) Plaintiffs allege that they routinely worked over forty hours a week, and Defendants failed to properly pay overtime wages. (*Id.*) On May 14, 2018, this Court granted Plaintiffs' Motion for Conditional Certification of a Collective Class and to Facilitate Identification and Notice to Similarly Situated Employees. (ECF Nos. 16, 17.) A Notice of Collective Action under the

FLSA was distributed to potential class members, and 15 additional individuals notified this Court of their consent to be a party plaintiff/class member in this matter,[1] bringing the total number of named plaintiffs to 17 individuals.

Currently pending is Plaintiffs' Motion for Class Certification (ECF No. 38). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, this Court shall grant Plaintiffs' motion, certify the class for the wage claims alleged in this matter, appoint Plaintiffs' attorneys as class counsel, and designate the named Plaintiffs as class representatives.

## BACKGROUND

The background of this case has been summarized in a prior opinion of this Court. *See Lee v. JLN Constr. Servs.*, RDB-17-2765, 2018 WL 2193815 at *1-2 (D. Md. May 14, 2018). In brief, JLN is a general contractor that provides construction services for both private and public construction projects throughout Maryland, and Iwuoha is JLN's owner. (ECF No. 1 at ¶¶ 35-36.) JLN employs laborers and foremen to perform masonry, finishing, demolition and installation work. (*Id.* at ¶ 6.) The laborers and foreman were hourly employees, and it is alleged that they routinely worked more than 40 hours a week primarily due to understaffing. (*Id.* at 2-3.) However, it is further alleged that Defendants consistently failed

---

[1] These individuals include: Christopher Lee, Ladrian Taylor, Romarise Scott, Anthony Beck, Alphonso Anthony Jones, Jr., Ronald Wilson, Heath Roy, Chad Groht, Jerome Roberts, Walter Guerrero, Henry Rasmussen-Taxdal, Theodore Holmes, Marco Holmes, David Jones, Jose Garay, Oscar Mejia, and Christopher Louj. (*See* ECF Nos. 22-37.) An opt-in plaintiff, Zachary Fremen, was later voluntarily dismissed as a plaintiff in this matter. (*See* ECF Nos. 35, 44, 45.).

2

to pay correctly for overtime and failed to pay for all of the tasks that employees were required to perform. (*Id.* at 3-4.)

On September 18, 2017, Plaintiffs filed a three-count Complaint alleging the failure to pay overtime wages. Plaintiffs then filed a Motion for Conditional Certification of a Collective Class and to Facilitate Identification and Notice to Similarly Situated Employees (ECF No. 9), which this Court granted. (ECF Nos. 16, 17.) The Notice of Rights Under the Fair Labor Standards Act (ECF No. 18) was distributed to the list of all potential collective action members provided by Defendants to Plaintiffs. The potential members were identified as "[a]ll current and former laborers and/or foremen of JLN Construction Services who worked with JLN at any time between September 2014 and May 2018." (ECF No. 19.) Fifteen additional individuals affirmatively opted-in to the lawsuit in a timely manner, consenting to join in the FLSA collective action. (*See* ECF Nos. 22-37.)

All 17 Plaintiffs now move this Court to grant class certification for the wage claims alleged under the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., §§ 3-501, *et seq.* ("MWPCL").[2] (ECF No. 38). Plaintiffs request that the named Plaintiffs be designated class representatives and that Plaintiffs' attorneys be appointed as

---

[2] Class actions cannot be used to assert wage and hour claims brought under the FLSA but employees may bring an "opt in" or "collective action" under FLSA Section 216(b). Under a Rule 23 class action, employees are presumed to be a part of the class and any employee who does not want to participate in the lawsuit must opt out. *Degidio v. Crazy Horse Saloon and Restaurant Inc*, 880 F.3d 135, 137 n. 1 (4th Cir. 2018). The majority of courts hold that FLSA collective actions and Rule 23 classes pursuing state law wage claims may proceed together in one action. *See Calderon v. GEICO General Ins. Co.*, 279 F.R.D. 337, 341 (D. Md. 2012); *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662 (D. Md. 2011).

3

class counsel. (*Id.*) Defendants oppose class certification. (ECF No. 43.) For the reasons that follow, this Court shall GRANT Plaintiffs' motion for class certification.

## STANDARD OF REVIEW

To obtain class certification, the Plaintiffs must satisfy all four requirements of the Federal Rules of Civil Procedure 23(a), and at least one of the requirements of Rule 23(b). *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003). Plaintiffs must first establish all four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). With respect to Rule 23(b), the Plaintiffs in this case seek certification of the proposed class under Rule 23(b)(3), which requires a finding that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements, but they need not make that showing to a degree of absolute certainty. It is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citations omitted). "[T]he court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Id.*

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citation omitted). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—

4

that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common issues of law or fact, etc." *Id.* at 350. In ruling on a class certification motion, a court must take a close look at the facts relevant to the certification question, even if those facts "tend to overlap with the merits of the case." *Thorn v. Jefferson–Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006); *accord Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004) ("[W]hile an evaluation of the merits is not part of a Rule 23 analysis, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits.").

The Supreme Court has noted that "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart*, 564 U.S. at 350-51 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Id.* at 459.

## ANALYSIS

Plaintiffs request that their claims against Defendants be certified as a class action pursuant to Federal Rule of Civil Procedure 23(b). (Mot. Mem. 2, ECF No. 38-1.) Plaintiffs seek to certify the following class:

5

> [A]ll persons [who] were employed by Defendants as laborers and/or foremen for any period between September 2014 to present.

ECF No. 38-1 at 17. As explained *supra*, to obtain class certification, the Plaintiffs must meet all four requirements of Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). *See Gunnells*, 348 F.3d at 423.

## I. Rule 23(a) Requirements

### A. Numerosity

Rule 23(a)(1) provides that one of the requirements to bring a class action is that the class be "so numerous that joinder of all members is impracticable." The United States Court of Appeals for the Fourth Circuit has held that "[n]o specified number is needed to maintain a class action." *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (quoting *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967)). This Court has previously noted that, generally speaking, "courts find classes of at least 40 members sufficiently large to satisfy the impracticability requirement." *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 497 (D. Md. 1998). In fact, "'[a] class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical.'" *Baehr v. Creig Northrop Team, P.C.*, No. WDQ-13-0933, 2014 WL 346635, at *8 (D. Md. Jan. 29, 2014) (quoting *Dameron v. Sinai Hosp. of Balt., Inc.*, 595 F. Supp. 1404, 1408 (D. Md. 1984)).

In this case, Plaintiffs have identified 87 putative class members. (ECF No. 38-1 at 11.) Defendants make no serious contentions that the numerosity requirement has not been met. This Court finds that the numerosity requirement is met.

6

### B. Commonality

Rule 23(a)(2) requires a question of law or fact common to the class. "A common question is one that can be resolved for each class member in a single hearing," and does not "turn[ ] on a consideration of the individual circumstances of each class member." *Thorn*, 445 F.3d at 319 (citation omitted). "This requirement is not onerous. The requirement is not defeated by minor differences in the underlying facts of an individual case." *Cuthie v. Fleet Reserve Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010). The United States Supreme Court has noted that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart*, 564 U.S. at 349-50 (citation omitted).

In this case, each member of the proposed class is alleged to have suffered the same injury: all claim that they were not paid the proper overtime wages for hours worked. The proposed class members share a common question: whether the class members' duties constituted compensable work. Although Defendants contend that there are dissimilarities among the members of the proposed class, they are unlikely to constitute a failure of commonality. Defendants' examples of individuals who do not qualify for the class do not identify dissimilarities among the class. The claims of the proposed class members rest on the same legal issues and similar facts, which is all that is necessary to meet the low threshold for commonality. *See Baehr*, 2014 WL 346635 at 8. Therefore, this Court finds that the commonality requirement is met.

### C. Typicality

Rule 23(a)(3) requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Courts have recognized that

7

the commonality and typicality requirements of Rule 23(a) tend to merge. "Both serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected . . . ." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n. 13 (1982). The class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 338 (4th Cir. 1998). Essentially, the typicality requirement ensures that "only those plaintiffs who can advance the same factual and legal arguments may be grouped together as a class." *Id.* at 340. "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so goes the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (citing *Broussard*, 155 F.3d at 340).

In this case, the named Plaintiffs and the members of the proposed class worked in the same region, were paid under the same policies and pay practices, were employed during a confined time period, were under the same management hierarchy, performed the same general duties as either a foreman or a laborer, and apparently worked in excess of 40 hours per work week and were unable to record all of the legally compensable hours that were worked. Defendants' argument that some of the named Plaintiffs are not properly part of the class in unavailing since Defendants personally identified all of them as laborers or foremen on the collective action opt-in list that Defendants provided to Plaintiffs. Therefore, this Court finds that the typicality requirement is met.

### D. Adequacy of Representation

The final prerequisite under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement consists of two components. First, the class counsel must be qualified, experienced and able to conduct the litigation. *Cuthie*, 743 F. Supp. 2d at 499. Second, the named plaintiffs' interests are not opposed to those of other class members. *Id.* This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citing *Falcon*, 457 U.S. at 157-58 n. 13). The Fourth Circuit has held that for a conflict to defeat class certification, the conflict "must be more than merely speculative or hypothetical;" it "must be fundamental" and "go to the heart of the litigation." *Gunnells*, 348 F.3d at 430-31 (citations omitted).

In this case, Plaintiffs assert that their proposed counsel, the Law Offices of Peter T. Nicholl are adequate counsel as the firm has "successfully handled numerous wage related lawsuits in the Baltimore-Washington region." (ECF No. 38-1 at 14.) Defendants have not challenged counsel's competency. This Court accepts that counsel is competent and sufficiently experienced to litigate this action. Plaintiffs claim that the named representatives "have a general understanding of their duties as class representatives . . . have expressed their desires to pursue this matter vigorously on behalf of the class . . . and share the same interests as those of the putative class," which is all that is required of the proposed class representatives. (*Id.*) *See Benway v. Res. Real Estate Servs., LLC*, 239 F.R.D. 419, 425-26 (D. Md. 2006) ("[T]he named plaintiffs must have a general knowledge of what the action involves and a desire to prosecute the action vigorously."). As discussed *supra*, the interests of the named

Plaintiffs and class members align. Therefore, this Court finds that the adequacy of representation requirement is met.

## II. Rule 23(b)(3) Requirements

Having determined that the Plaintiffs have satisfied Rule 23(a)'s requirements, the Court now turns to Rule 23(b)(3) which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). When determining the superiority of proceeding as a class action compared to other methods of adjudication, Rule 23(b)(3) lists four factors for courts to consider: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class." *Cuthie*, 743 F. Supp. 2d at 500 (citing Fed. R. Civ. P. 23(b)(3)).

Plaintiffs claim that the predominating "common questions" are: "(1) whether Plaintiffs and putative class members' duties constituted compensable work under MWHL and MWPCL . . . and (2) the amount of damages that each would be owed." (ECF No. 38-1 at 15.) Plaintiffs aver that the questions are "common" because all duties of laborers and foremen are compensable and the method for calculating owed wages "will be identical." (*Id.*) Defendants argue that the predominating questions in this case are individualized because "[a]mong the named Plaintiffs there are different job titles, different job responsibilities, different prevailing and set wages, and, most importantly, different entitlements to overtime

and back pay." (ECF No. 43 at 23.) However, any individualized issues exist only with regard to damage calculations, which will be based on Defendants' payroll information. The calculations will be identical and are not especially complex. The common questions regarding liability predominate, and where "common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain." *Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010).

This case represents a typical scenario where a class action is superior to separate actions because there is little incentive for class members to pursue their rights individually. *See Benway*, 239 F.R.D. at 426 ("Rule 23(b)(3) class actions are particularly well-suited for cases in which small individual recoveries would not provide plaintiffs with enough incentive to prosecute."). Even if some of the potential 87 class members were inclined to bring suit individually, it would likely be a greater burden on each individual and on the Defendants, and it would be an inefficient use of judicial resources. Further, the class action does not appear to present great management difficulty and will promote consistent results for all the class members.

This Court finds that the predominance and superiority requirements have been met. This action can proceed as a Rule 23(b)(3) class action.

## CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion for Class Certification. (ECF No. 38.) is GRANTED;
2. Plaintiffs' attorneys are appointed as class counsel;
3. The named Plaintiffs are designed class representatives; and

4. A separate order follows.

Dated: August 16, 2019.

_____
Richard D. Bennett
United States District Judge